UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL WESLEY FARMER,
Plaintiff,
v.
UNITED STATES BUREAU OF LAND MANAGEMENT,
Defendant.

Case No.: 3:26-cv-4182-CAB-MSB

**ORDER GRANTING MOTION TO DISMISS**

**[Doc. No. 4]**

Before the Court is Defendant United States Bureau of Land Management's ("Defendant") motion to dismiss. [Doc. No. 4.] The motion has been fully briefed, and the Court finds it suitable for determination on the papers submitted and without oral argument. *See* CivLR 7.1(d)(1). For the reasons set forth below, the Court **GRANTS** the motion.

## I. BACKGROUND

Plaintiff Michael Wesley Farmer ("Plaintiff") alleges that Defendant unlawfully seized his vehicle and its contents after a traffic stop conducted on April 25, 2026. [Doc. No. 1-2 at 3–4, 9–11; Doc. No. 7 at 2.] Plaintiff asserts that at the time of the traffic stop, his vehicle contained approximately three thousand pounds of brass collected with authorization from a nearby military firing range, along with his phone, wallet, and

perishable goods. [Doc. No. 1-2 at 4, 9–11.] Plaintiff asserts that he was living out of the vehicle at the time of confiscation and has been homeless since. [*Id.* at 3.] He alleges the vehicle and its contents were impounded and remain in the custody of J&M Towing. [*See id.* at 11.]

On May 25, 2026, Plaintiff submitted a letter to the Bureau of Land Management, J&M Towing, the Imperial County Sheriff's Department, and the Imperial County District Attorney, requesting the return of his property and all information regarding the seizure. [Doc. No. 1-2 at 8–15.] Plaintiff alleges that he did not receive a response to his letter. [Doc. No. 1-2 at 3.] On June 8, 2026, Plaintiff filed an SC-100 form with the small claims court at the Superior Court of California in Imperial County, naming Defendant. [Doc. No. 1-2.] On July 22, 2026, Defendant filed a notice of removal of the action to federal court. [Doc. No. 1.] On August 28, 2026, Defendant filed the present motion to dismiss. [Doc. No. 4.]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss based on the court's lack of subject matter jurisdiction. Rule 12(b)(1) motions may challenge jurisdiction either facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The district court should resolve a facial attack such as this one "as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's operative complaint in its entirety for lack of subject matter jurisdiction, arguing that the "sole tenable basis for Plaintiff's Complaint is the [Federal Tort Claims Act][,]" but he has failed to satisfy the Federal Tort Claims Act's ("FTCA") prescribed jurisdictional requirements. [Doc. No. 4 at 2.] Plaintiff has not opposed Defendant's classification of his claim as one subject to the FTCA. [*See generally*

Doc. No. 7.] Considering Plaintiff's non-opposition, the Court construes Plaintiff's claim as a deprivation of property under FTCA. *Resnick v. Hyundai Motor Am., Inc.*, No. CV1600593BROPJWX, 2017 WL 1531192, at *22 (C.D. Cal. Apr. 13, 2017) ("Failure to oppose an argument raised in a motion to dismiss constitutes waiver of that argument.").

Defendant argues that Plaintiff's claim is barred by sovereign immunity. Under the doctrine of sovereign immunity, if Congress has not waived the federal government's immunity for a particular claim, federal courts lack jurisdiction over that claim and must dismiss it. *Robinson v. Salazar*, 885 F. Supp. 2d 1002, 1027 (E.D. Cal. 2012), *aff'd sub nom*. *Robinson v. Jewell*, 790 F.3d 910 (9th Cir. 2015).

Subject matter jurisdiction may be barred where a statutory exception to a waiver of sovereign immunity applies. *See Kelly v. United States*, 241 F.3d 755, 760 (9th Cir. 2001). One such exception to the FTCA's waiver of sovereign immunity includes "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . [.]" 28 U.S.C. § 2680(c).

Further, courts recognize additional jurisdictional prerequisites for FTCA claims. First, the Ninth Circuit has held that the FTCA's requirement of administrative exhaustion creates a jurisdictional bar to suit in federal court and may not be waived. *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992). Second, a plaintiff must plausibly allege each of the statutory elements of an FTCA claim in order to state a claim and confer subject matter jurisdiction. *See Brownback v. King*, 592 U.S. 209, 217–18 (2021); 28 U.S.C. § 1346(b)(1). To bring suit under the FTCA, a plaintiff must allege a claim: "'[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Brownback*, 592 U.S. at 212.

Pursuant to the first element, it is well established that the United States is the sole proper defendant in an FTCA action. *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998); *Woods v. United States*, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983). In fact, "the Court lacks subject matter jurisdiction over, and must dismiss, any improperly named Defendant." *Bishop v. Potter*, No. 2:08-CV-00726-RLH, 2010 WL 3910063, at *3 (D. Nev. Oct. 1, 2010), *aff'd sub nom. Bishop v. Donahoe*, 479 F. App'x 55 (9th Cir. 2012). Here, Plaintiff has failed to name the United States as a defendant.

It is undisputed that Plaintiff's operative complaint is factually deficient as an FTCA claim. [Doc. No. 7 at 1.] Plaintiff concedes that his alleged property deprivation claim may fall within the § 2680(c) exception to waiver of sovereign immunity. [*See id.* at 3.] Plaintiff also concedes that he has not exhausted any administrative remedies and therefore any FTCA claim is premature. [*See id.* at 2.] The Court finds the factual allegations of the operative complaint insufficient to satisfy the FTCA's jurisdictional requirements and confer subject matter jurisdiction over this claim.

The Court recognizes that the factual allegations set forth in the operative complaint were responsive to the limited scope of the initial SC-100 form. [*Id.* at 2.] Plaintiff filed his complaint on a state small claims form and has not yet amended his pleading following removal. Plaintiff requests leave to amend to "identify[] with specificity any legally cognizable claim arising from the allegations already presented, the jurisdictional basis for that claim, and the party against whom it may properly be asserted . . . [.]" [*Id.* at 4.] As such, the Court **GRANTS** Defendant's motion to dismiss **WITHOUT PREJUDICE TO REFILING**.

**IV. CONCLUSION**

Defendant's motion to dismiss is **GRANTED WITHOUT PREJUDICE TO REFILING**. [Doc. No. 4.] Plaintiff may pursue available administrative remedies through the BLM. If the BLM denies Plaintiff's FTCA claim, he may file his claim in a new action. *See Adams v. U.S.*, 658 F.3d 928, 933 (9th Cir. 2011) ("When the appropriate federal agency denies an administrative FTCA claim, the claimant has six months, from the date

when the denial was mailed by certified or registered mail, to file a complaint in federal court.”).

The Clerk of Court shall close the case.

It is **SO ORDERED**.

Dated: November 23, 2026



Hon. Cathy Ann Bencivengo
United States District Judge